Filed 4/2/26  P. v. Latifi CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>KAREEM LATIFI,<br><br>       Defendant and Appellant. | C103444<br><br>(Super. Ct. No. 21FE005325) |

After a jury convicted defendant Kareem Latifi of three counts of committing a lewd or lascivious act upon a child and one count of committing a lewd or lascivious act upon a child by force, defendant was sentenced to 22 years in state prison.  After we remanded for resentencing, defendant was sentenced to 16 years.  Defendant now appeals, arguing his counsel's performance on resentencing amounted to ineffective assistance of counsel.  We affirm.

1

## I.  BACKGROUND

A detailed recitation of the facts underlying defendant's convictions is unnecessary to our resolution of the claim on appeal.  We summarize the pertinent facts from our prior opinion in *People v. Latifi* (Oct. 18, 2024, C098612) [nonpub. opn.] (*Latifi*).

Defendant's neighbor was about seven or eight years old when defendant put his mouth on her genitals on three separate occasions, and defendant made her touch his exposed penis.  (*Ibid.*)

In 2023, a jury found defendant guilty of three counts of committing a lewd or lascivious act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)—counts one through three)[1] and one count of committing a lewd or lascivious act upon a child under the age of 14 years by force (§ 288, subd. (b)(1)—count four).  (*Latifi*, *supra*, C098612.)  As to each count, the jury found true the following: the victim was particularly vulnerable (California Rules of Court, rule 4.421(a)(3)), defendant took advantage of a position of trust of confidence to commit the crime (*id*., rule 4.421(a)(11)), and the count was committed on a separate occasion from the other counts (§ 667.6).  As to counts one through three, the jury also found true that defendant had engaged in substantial sexual conduct with a victim under the age of 14 years old.  (§ 1203.066, subd. (a)(8).)  (*Ibid.*)

Prior to sentencing, the probation department filed a report noting defendant's service as a certified cultural assistant with the United States Military from 2006-2014, his claim of innocence to the department, and his low risk of recidivism.  The department found as factors in aggravation that the victim was particularly vulnerable, the manner in which the crime was committed indicated planning, and the defendant took advantage of

---

[1] Undesignated statutory references are to the Penal Code.

a position of trust. In mitigation, the department noted defendant's lack of a prior criminal record and his productive life. The department recommended an aggregate sentence of 18 years, specifically the middle term of six years on count one, two years each on counts two and three (one-third the middle term), and a full and separate middle term of eight years on count four, all running consecutively, as the crimes involved separate acts of violence and were committed at different times.

At sentencing, the court noted defendant's sentencing memo outlining defendant's arguments regarding circumstances in aggravation and mitigation and concurrent sentencing. The People argued for a sentence of 22 years in prison. Defendant testified and began to insinuate the victim had not been truthful, to which the court responded, "this is not an opportunity for you to talk to me about the facts of the case and whether or not it did or did not occur. You had an opportunity to testify, and you did not."

Defendant then discussed his military service during which he "saved thousands of soldiers' lives," his good relations with others, and his lack of criminal history. The court responded, "So I do have a great deal of respect for what you did, and I know your life was in danger. You were allowed to come to America because of that, and I have no doubt and don't doubt what you're telling me that you served the American forces, and I appreciate that. I respect that." However, the court explained that it had listened to the victim testify at trial, found her credible, and believed the jury rightfully convicted him. The court found that defendant had "no remorse apparently for what you did. I haven't heard any indication from you of any remorse for what you did, rather it would appear to the Court that instead what you're doing is trying to convince me that the child was lying, and that I reject."

The court noted that the jury had found true that the victim was particularly vulnerable and had taken advantage of a position of trust, but in mitigation, defendant had no prior record. The court stated it was considering defendant's background, age, prospects, and military service, and the impact on the victim, but found it would not be in

3

the interest of justice to give defendant the low term, notwithstanding his counsel's arguments. The court imposed an aggregate sentence of 22 years, consisting of the upper term of eight years for count one, two years (one-third the middle term) for count two, two years (one-third the middle term) for count three, and 10 years (the full upper-term consecutive sentence) for count four.

Defendant appealed and challenged the full, separate, and consecutive sentence on count four, an error the People conceded. (*Latifi, supra*, C098612.) This court reversed the sentence and remanded for a full resentencing hearing but otherwise affirmed the judgment. (*Ibid.*)

The trial court held a resentencing hearing in January 2025. The court noted the jury had found the aggravating factors true and it had reviewed the original probation report, and the parties waived referral to the probation department for a new report. The court asked defense counsel if there was anything else he wanted the court to consider, and counsel stated, "I would like to report that [defendant] has been doing well at CDC. He is taking the appropriate courses to drop his level from a three to a one. He did recently have heart surgery. [¶] So with those facts and circumstances, we would submit to the Court." The People stated they had nothing new for the court, and defense counsel then asked, "If I could just incorporate by reference any statements that were made at the original judgment and sentence on behalf of [defendant]." The court agreed.

The court noted in aggravation, the jury found the victim was particularly vulnerable and the defendant took advantage of a position of trust, and in mitigation, defendant was 57 years old, had no prior criminal record, and had led a productive life, factors to which the court gave "great weight." The court found the aggravating factors outweighed the mitigating factors "because of the fact that this was a child who was in a position of trust with the defendant and was also very vulnerable." The court sentenced defendant to two years each on counts one, two, and three (one-third the middle term) to be served consecutively, and a consecutive 10 years for count four (the full upper-term),

4

after finding that the offenses were committed at different times or places rather than being so close in time and place as to indicate a single period of aberrant behavior. The court explained this aggregate sentence of 16 years was "a reduction from the previous sentence of 22 years, so a substantial reduction in sentence."

Appellant filed a timely notice of appeal.

## II. DISCUSSION

Defendant argues his trial counsel committed ineffective assistance of counsel by only providing a "perfunctory update" of defendant's status on resentencing, without raising certain arguments, requesting an updated probation report, or arguing for a lower sentence.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) We review trial counsel's performance with deferential scrutiny, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and recognizing the many choices that attorneys make in handling cases and the danger of second-guessing an attorney's decisions. (*People v. Maury* (2003) 30 Cal.4th 342, 389.)

Defendant has not shown that trial counsel's performance was deficient under prevailing professional norms. Given the trial court's familiarity with the case after having conducted the trial and previously sentencing defendant, defense counsel could have reasonably concluded that further argument or submissions were unlikely to change the court's view of defendant and his offenses.

Although defendant argues his counsel should have requested an updated probation report, it does not appear that an updated probation report would be materially different from the original report, which had already noted defendant's claim of

5

innocence, military service, productive life, and lack of prior criminal history, all of which the court acknowledged at the original sentencing. While defendant notes the report did not mention a parenting class he had completed, the addition of that class to the report would have marginal value, if any, to the court's decision, especially considering that on resentencing, counsel did explain that defendant had been doing well and had been taking courses in prison. Defendant's trial counsel could have reasonably determined that requesting an updated probation report would unnecessarily delay proceedings and provide little utility.

Defendant also has not shown that trial counsel's failure to specifically argue for a lower sentence at resentencing or raise certain arguments constitutes ineffective assistance of counsel. At the original sentencing, trial counsel requested a three-year sentence, and on resentencing, the trial court accepted counsel's request to incorporate by reference its prior arguments. Trial counsel could have reasonably determined that repeating his prior arguments or asserting any new arguments was unnecessary.

Under these circumstances, we do not find trial counsel's performance fell below an objective standard of reasonableness, nor that defendant suffered any prejudice from his counsel's performance.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

WISEMAN, J.*

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.